Cohen v Cohen (2019 NY Slip Op 03763)





Cohen v Cohen


2019 NY Slip Op 03763


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-04518
 (Index No. 1100/10)

[*1]Michal Cohen, respondent, 
v
Guy Cohen, appellant.


Banks Curran Schwam and Squirrell, LLP, Mount Kisco, NY (David J. Squirrell of counsel), for appellant.
Kathleen M. Valletta, Carmel, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), entered March 24, 2014. The order, insofar as appealed from, in effect, denied that branch of the defendant's cross motion which was to direct the plaintiff to allocate one third of the child's travel time in Israel to visiting with the paternal grandmother and denied, without prejudice, that branch of the defendant's cross motion which was to direct visitation between the child and the paternal grandmother during times when the paternal grandmother visited the United States from Israel.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 1998 and have one child, born in 2001. The plaintiff commenced this action for divorce in 2010 and, thereafter, the parties reached an agreement on the issues of custody and parental access with the child. An order of custody and parental access on consent was issued by the Supreme Court on December 14, 2011. On January 27, 2014, the plaintiff moved to compel the defendant to cooperate with her in obtaining a passport for the child. According to the plaintiff, the defendant had unreasonably blocked passport issuance for the child unless the plaintiff permitted the child to spend half of his time on a trip to Israel with the defendant's family members, while not contributing to the child's travel expenses. The defendant cross-moved, inter alia, to direct the plaintiff, when traveling with the child to Israel, to allocate time for the child to spend with the paternal grandmother, amounting to no less than one third of the duration of the visit, and to direct the plaintiff to make time for the child to stay with the paternal grandmother when she visited the United States. In the order appealed from, the Supreme Court designated the plaintiff as the sole custodial parent for passport and travel purposes. The court also denied that branch of the defendant's motion which was to allocate one third of the child's travel time in Israel to visiting with the paternal grandmother and denied, without prejudice, as premature, that branch of the defendant's cross motion which was to direct the plaintiff to make the child available to the paternal grandmother during her visits to the United States. The court directed the parties to attempt to come to an agreement prior to any such scheduled visit and, if they were unable to agree, the court would entertain an appropriate application prior to the scheduled visit.
A party seeking modification of an existing custody or visitation arrangement must show that there has been a subsequent change of circumstances such that modification is required [*2](see Matter of Wilson v McGlinchey, 2 NY3d 375, 380; Matter of Snowden v Snowden, 162 AD3d 675). The paramount concern is the best interests of the child, and the court must determine whether the totality of the circumstances warrants modification (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Snowden v Snowden, 162 AD3d 675).
Here, in support of those branches of his cross motion which were to direct the plaintiff to allocate one third of the child's travel time in Israel to visiting with the paternal grandmother and to direct visitation between the child and the paternal grandmother during times when the paternal grandmother visited the United States from Israel, the defendant failed to make the requisite showing. The defendant alleged that the plaintiff curtailed visitation between the paternal grandmother and the child, but this allegedly occurred nearly one year before the issuance of the custody order detailing the child's visitation schedule. The visitation schedule did not contain any provision for visitation with the paternal grandmother. While the plaintiff opposed the defendant's request to allocate one third of the child's trip to Israel to visiting the paternal grandmother, the record does not demonstrate that she refused meaningful contact between the paternal grandmother and the child.
Accordingly, the Supreme Court's determination will not be disturbed.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court